DELBELLO DONNELLAN
WEINGARTEN WISE & WIEDERKEHR, LLP
Proposed Counsel for the Debtor
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200
Dawn Kirby Arnold, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:

AFFORDABLE ENTERPRISES OF          Chapter 11
WESTCHESTER, INC.,                           Case No. 14-22168 (RDD)

                          Debtor.
----------------------------------------------------------------X

## DECLARATION OF AFFORDABLE ENTERPRISES OF WESTCHESTER, INC. PURSUANT TO LOCAL RULE 1007-2

KEITH E. KOSKI, being duly sworn, deposes and says:

1. I am the sole shareholder and President of Affordable Enterprises of Westchester, Inc. (the "Debtor"), and I submit this affidavit pursuant to Rule 1007-2 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York.

### BACKGROUND

2. The Debtor is a carting and sanitation company located at 2025 Maple Avenue Cortlandt Manor, New York and 1 Highland Industrial Park, Peekskill, New York. The Debtor provides garbage removal services to residential and commercial businesses in the construction industry.

3. The Debtor has been in business for almost twenty five years, but my family has been engaged in the garbage removal industry since the 1930's. In 1992 I decided to form the Debtor

corporation to carry on the family legacy.

4. The Debtor is fully licensed and insured carting and sanitation company and a member in good standing with the Better business Bureau. The Debtor services all of Westchester, Putnam and Rockland counties, as well as the five boroughs of New York City. Approximately seventy-five percent of the Debtor's customers are contractors and management companies, with the remaining twenty-five percent belonging to residential customers. Commercial services fall into broad categories including commercial roofing replacement, whole house renovation, and garbage demolition. Residential services include garage cleanouts, bathroom and kitchen remodels, basement and attic cleanout and deck or siding removal.

5. The Debtor previously filed Chapter 11 in 2010, Case No. 10-22322 (RDD). In that case, the Debtor's bankruptcy counsel renegotiated a substantial number of the Debtor's equipment leases involving large trucks and containers essential to the Debtor's operations. The Debtor's operations prospered during 2012 and early 2013 due to work from Hurricane Sandy. However, during 2013, work slowed down significantly.

6. Also during 2013, the Debtor had a dispute with one of its employees who wanted to become an equity owner. The Debtor and the former employee reached a settlement of their dispute without the assistance of counsel. The terms of the agreement were onerous and unaffordable for the Debtor, and also suspect because the amounts paid on behalf of the former employee's claim were actually paid to the former employee's daughter, presumably because the former employee was having his own issues with the IRS.

7. The Debtor took three high-interest loans to try to stabilize operations. The Debtor was current in it payments to the high-interest loans, but was falling behind to other creditors such as the Disposal Sites where it deposits the construction materials. Now in its "low" season, the Debtor did

not have the ability to remain current on its debts.  The Debtor expects that income will pick up significantly in April when many construction projects begin.

8. The Debtor's desire is to utilize the bankruptcy process in order to restructure and reorganize the Debtor's affairs. The Debtor believes that with the help of counsel, that it will be able to restructure its affairs and propose a plan of reorganization that it is in the best interests of its creditors and affords them the greatest recovery possible.

9. The needs and interests of the Debtor's creditors will best be served by the continued possession of its property and management of its affairs as debtor-in-possession under Chapter 11 until confirmation of a reorganization plan.

## INFORMATION REQUIRED BY LOCAL BANKRUTPCY RULE 1007

10. In addition to the foregoing, Local Bankruptcy Rule 1007-2 requires certain information related to the Debtor, which is set forth below.

**Local Rule 1007-2(a)(1)**

11. The Debtor is located at 2025 Maple Avenue Cortlandt Manor, New York and 1 Highland Industrial Park, Peekskill, New York, and is engaged in the construction waste removal industry.

**Local Rule 1007-2(a)(2)**

12. This case was not originally commenced under Chapter 7 or 13 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

**Local Rule 1007-2(a)(3)**

13. Upon information and belief, no committee was organized prior to the order for relief in this Chapter 11 case.

**Local Rule 1007-2(a)(4)**

14. A list of the names and addresses of the Debtor's 20 largest unsecured claims, excluding those who would not be entitled to vote at a creditors' meeting and creditors who are "insiders" as that term is defined in 11 U.S.C. Section 101(31) is annexed hereto as **Schedule I**.

**Local Rule 1007-2(a)(5)**

15. A list of the names and addresses of the five largest secured creditors is annexed hereto as **Schedule II**.

**Local Rule 1007-2(a)(6)**

16. A balance sheet will be filed separately pursuant to the requirements of a small business debtor set forth in 11 U.S.C. §1116.

**Local Rule 1007-2(a)(7)**

17. There are no publicly held securities of the Debtor.

**Local Rule 1007-2(a)(8)**

18. None of the Debtor's property is in the possession of any custodian, public officer, mortgagee, pledge, assignee of rents, or secured creditor, or any agent for such entity.

**Local Rule 1007-2(a)(9)**

19. The Debtor leases office and equipment storage premises located at 1 Highland Industrial Park, Peekskill, New York, 10566, for which the Debtor has a verbal month to month lease.

**Local Rule 1007-2(a)(10)**

20. The Debtor's assets and records are located at its principal place of business at 1 Highland Industrial Park, Peekskill, New York, 10566.

**Local Rule 1007-2(a)(11)**

21. No legal actions or proceedings are pending against the Debtor:

**Local Rule 1007-2(a)(12)**

22. The Debtor's senior management includes

- Keith E. Koski, President, and sole shareholder.

**Local Rule 1007-2(b)(1) and (2)**

23. The Debtor's estimated weekly payroll to employees for the thirty (30) day period following the Chapter 11 petition is $1,648.72.

24. The Debtor's estimated weekly payroll and payments to officers, stockholders, and directors for the thirty (30) day period following the Chapter 11 petition is $3,804.00.

**Local Rule 1007-2(b)(3)**

25. The Debtor estimates that it will break even in the 30-day period following the filing of the chapter 11 petition. A 30-day budget will be filed separately pursuant to the requirements of a small business debtor set forth in 11 U.S.C. §1116.

## CONCLUSION

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

By: */s/ Keith Koski*
Keith E. Koski, President